20-3245-cv
AB Discount Depot LLC v. United States Citizenship and Immigration Services

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 15th day of February, two thousand twenty-two.

Present:     ROSEMARY S. POOLER,
             ROBERT D. SACK,
             MYRNA PÉREZ,
                     *Circuit Judges*.

_____

AB DISCOUNT DEPOT, LLC, AHMED MANSHA,

    *Plaintiffs-Appellants*,

    v.                                                    20-3245-cv

UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,

    *Defendant-Appellee*.

_____

Appearing for Appellants:          Michael E. Piston, New York, N.Y.

Appearing for Appellee:            Layaliza Soloveichik, Assistant United States Attorney (Varuni Nelson, Assistant United States Attorney, *on the brief*), *for* Mark J. Lesko, Acting United States Attorney for the Eastern District of New York, Brooklyn, N.Y.

Appeal from the United States District Court for the Eastern District of New York (Amon, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of said District Court be and it hereby is **AFFIRMED**.

AB Discount Depot LLC ("AB Discount") and Ahmed Mansha appeal from the July 31, 2020 memorandum and order of the United States District Court for the Eastern District of New York (Amon, *J.*), dismissing their action for review of U.S. Citizenship and Immigration Services' denial of AB Discount's Form I-140 Petition for Alien Worker. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

AB Discount and Mansha sought review in the district court under the Administrative Procedure Act. USCIS moved to dismiss or alternatively for summary judgment, which the district court treated as a motion to dismiss. Either way, we review a district court's review of an agency action de novo. *See Nat. Res. Def. Council, Inc. v. Muszynski*, 268 F.3d 91, 96 (2d Cir. 2001); *see also Karpova v. Snow*, 497 F.3d 262, 267 (2d Cir. 2007). Like the district court, we must "hold unlawful and set aside agency action" that we find to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). However, "[t]he scope of review under the 'arbitrary and capricious' standard is narrow," and we are "not to substitute [our] judgment for that of the agency." *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto Ins. Co.*, 463 U.S. 29, 43 (1983). We will therefore uphold the agency action "so long as the agency examines the relevant data and has set out a satisfactory explanation including a rational connection between the facts found and the choice made . . . ." *Karpova*, 497 F.3d at 268 (citing *State Farm*, 463 U.S. at 43).

We discern no error in USCIS's decision to deny the I-140 petition. As petitioner, AB Discount bore the burden of demonstrating that Mansha qualified as a "multinational . . . manager[]." 8 U.S.C. §§ 1153(b)(1), 1361. As such, AB Discount had to demonstrate that Mansha's employment responsibilities would be "primarily" managerial. *Id.* § 1101(a)(44)(A); 8 C.F.R. § 204.5(j)(2). But, as USCIS found, the evidence AB Discount submitted contained numerous inconsistencies and deficiencies that called into question the structure of the organization and whether its reasonable needs would support Mansha in a primarily managerial position. *See, e.g.*, *Matter of Ho*, 19 I. & N. Dec. 582, 591 (B.I.A. 1988) (petitioner has duty to provide reliable evidence and to resolve any inconsistencies or ambiguities in the record). USCIS also reasonably concluded that AB Discount failed to support its assertion that Mansha "primarily . . . supervises and controls the work of other supervisory, professional, or managerial employees." 8 U.S.C. § 1101(a)(44)(A)(ii). There were substantial discrepancies in the evidence concerning those "other supervisory . . . employees." *Id.* Taking these discrepancies and deficiencies as a whole, we conclude that USCIS "examine[d] the relevant data" and made "a rational connection between the facts found and the choice made." *Karpova*, 497 F.3d at 268. We therefore uphold USCIS's denial of the petition.

We have considered all of AB Discount and Mansha's remaining arguments and find them to be without merit. Accordingly, we AFFIRM the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

2